**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

UNITED STATES OF AMERICA

v.                                                                                                      No. 5:20-cv-29-BJB

MARY CROUCH, ET AL.

\* \* \* \* \*

OPINION & ORDER

    This Court entered final judgment in the United States' favor more than a year ago, granting its motion for an an in rem default judgment and order of sale. In Rem Judgment and Order of Sale (DN 36). The default judgment extinguished the ownership and lienholder interests of five named defendants, who had received service but not appeared to contest the Government's foreclosure suit. The Government sold the property at auction to Salvador Eulogio and Juana Xepuxtian in March 2023. Report of Sale (DN 38-1).

    The purchasers' title attorney then discovered additional lienholders that the Government didn't know about. Motion for Relief from Judgment (DN 39). The United States hadn't sued them and the Court's judgment didn't extinguish their interests, which the Government insists are junior to its own. To address this omission, the United States has asked this Court to set aside its final judgment and grant leave to amend the complaint to include the missing lienholders. But it takes pains to ask the Court *not* to lift the default judgment with respect to the previous (defaulted) defendants. Instead, it asks the Court to leave those rulings in place while allowing the United States to add defendants against whom it'll presumably seek summary or default judgment.

    In support, the Government points to the property's purchaser, who appeared pro se at this Court's telephonic hearing and who wants to keep the house and land (with a clear title) so long as the situation can be resolved in a timely fashion. *See* Remote Status Conference (DN 41). The United States also cites a string of Federal Rules and district-court orders. *See id.* (citing, *e.g.*, FED R. CIV. P. 15(a), 19, 20, & 60(b)); *United States v. Albrecht*, 3:14-cv-20, DN 41 (E.D. Ky. Aug. 4, 2017) ("reopen[ing]" case to name lienholder defendant "as an indispensable party" without setting aside judgment and order of sale); *United States v. Charles*, 5:11-cv-41, DN 29 & 30 (E.D.Ky. Sept. 19, 2013) (granting motion to "reopen this matter to name … indispensable parties as defendants and foreclos[e] their interest in the subject real property" without setting aside judgment and order of sale). These, according to counsel, have effectively allowed plaintiffs to amend their pleadings and initiate new

claims against new defendants without disturbing the judgments secured by default against preexisting defendants. The Government's (sensible) goal is a single judgment extinguishing the rights of all parties with a known interest in the property before its sale; that outcome, it contends, couldn't be achieved by filing a separate declaratory or quiet-title action against the newly found parties.

This unorthodox request raises at least two questions. Does this Court have valid grounds to grant relief from a final judgment? And if so, may it do that on a conditional or partial basis—such that the parties who defaulted in this case don't have a second chance to receive notice (through a warning order attorney) and contest their rights in the property?

**1.** Rule 60(b) outlines several reasons why the Court may "relieve a party … from a final judgment." In addition to several specifically enumerated reasons, subsection 6 serves as a catchall that authorizes courts to grant a motion for "any other reason that justifies relief." Its broad nature "reflects and confirms the courts' own inherent and discretionary power, 'firmly established in English practice long before the foundation of our Republic,' to set aside a judgment whose enforcement would work inequity." *Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015) (quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233–34 (1995)). Yet a court may grant such relief "'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule' and 'only as a means to achieve substantial justice.'" *Id.* at 443 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

The unusual circumstances of this case justify such relief here. The case involved extensive delay before the final judgment and sale, as a long USDA eviction moratorium interrupted the foreclosure case. *See* Motion to Stay Foreclosure (DN 11). The defaults (DN 33) and subsequent default judgments (DN 36), by contrast, are relatively recent (summer 2022). These defaults followed the United States' representation that "no other persons or entities purpor[t] to have an interest in the Property known to the Plaintiff." Complaint ¶ 20; *cf. Pramco II, LLC v. Cheyenne Water Serv., Inc.*, 50 V.I. 445, 451 (D.V.I. 2008) ("Pramco's lack of diligence in ascertaining junior lienholders prevents it from seeking relief under Rule 60(b)(1)."). Furthermore, as discussed at the hearing (DN 41), a non-party to this action (the buyer) discovered the existence of additional lienholders—and seeks a clear title to his purchased property. And granting this relief under Rule 60(b)(6) would ensure that the non-party buyer has clear title under Kentucky law without unwinding the significant progress that has been made towards this goal. *See* Motion for Relief from Judgment ¶¶ 7–8. This should also benefit the missing lienholders (in one sense if perhaps not in others) by ensuring they have notice of the foreclosure case. *See United States v. Estate of Brown*, 1:19-cv-86, DN 26 (W.D. Ky. Aug. 2, 2022) (granting Rule 60(b) relief in a similar circumstance). These unusual circumstances justify the

rare step of granting relief under Rule 60(b)(6), particularly given the lack of any countervailing considerations aside from the inherent and general (which is not to say insubstantial) interests in finality and judicial economy. *See* 11 Wright & Miller, *Fed. Prac. and Proc. Civ.* § 2857 (3d ed. 2008) (highlighting decisions finding such relief justified).

**2.** The Government seeks to add new claims against the additional lienholders so a judicial order extinguishes their rights as it did for the original defendants. And it rightly concedes that the existing judgment would not and could not preclude the new defendants from contesting these allegations.

That is because elementary notions of due process require that the anticipated new defendants receive notice and judicial process before their interests in the property are adjudicated. *See, e.g.*, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 463 (2000) ("Due process, as reflected in Rule 15 as well as Rule 12, required that Nelson be given an opportunity to respond and contest his personal liability for the award after he was made a party and before the entry of judgment against him."). Those new defendants may appear and attempt to refute the United States' position if they so choose. The Federal Rules, not to mention the Constitution, wouldn't allow a judge merely to add entirely new parties to an existing judgment. Rather, the Rules may allow for more process *despite* a final judgment, not less process *because* of a preexisting final judgment. "Rule 60(b) does not provide a mechanism to amend a judgment in order to join additional parties. Instead, under certain specified circumstances, Rule 60(b) allows a district court to '*relieve* a party … from a final judgment.'" *Shaw v. AAA Eng'g & Drafting Inc.*, 138 F. App'x 62, 66 (10th Cir. 2005) (quoting FED. R. CIV. P. 60(b)) (emphasis in original)).

In other words, "Rule 60(b) allows a district court to vacate a final judgment" and relieve the United States of that order. *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 523 (6th Cir. 2001). Otherwise this Court's final judgment—which the Government itself sought—would remain in place, having resolved all issues in dispute between all parties and barring further litigation absent an appeal. Rule 60(b) offers the Government a path around finality and estoppel that avoids the need for a separate lawsuit against new parties (a course the Government has declined to take). Neither that rule nor any other cited by the United States appears to justify the Government's position that this relief may "be granted without the need to vacate the current judgment." Motion for Relief from Judgment ¶ 11. How could a final judgment ending a dispute coexist with new pleadings creating a live dispute in the same case? The Government never explains. As far as the record shows, only by vacating that final judgment may this Court allow the

United States to continue litigating this case by seeking the same relief with respect to the same property against additional parties with interrelated interests.[†]

What about the existing defendants: Does lifting that final judgment or filing an amended complaint give them a chance to contest the allegations afresh? Not if, as the Government urges, the Court grants relief from the final judgment without disturbing the underlying defaults entered against the old defendants.

The Federal Rules and judicial precedent don't appear to directly address this question. But they suggest that a trial court may, in its discretion, grant conditional or partial relief from a final judgment in a manner that doesn't send all parties back to square one—at least when that judgment resulted from a default. Rule 55, which the Government doesn't cite, authorizes courts to "set aside an entry of default for good cause, and … set aside a final default judgment under Rule 60(b)." And under Rule 60(b) relief must be awarded only on "just terms." "Just terms," of course, more naturally connotes the protection of non-moving parties, rather than the convenience of the movant. But courts confronting Rule 60(b) motions may draw on this additional textual source of equitable authority: "the court, in addition to its general discretion whether to reopen a judgment, has further discretion to impose those conditions it deems fit." Wright & Miller § 2857 (discussing application of "just terms" in orders granting relief from final judgment); *see also Tanner*, 776 F.3d at 441 (discussing equitable authority under Rule 60(b)). Relatedly, the Government points to several instances in which it has successfully asked a trial court to grant relief from a final judgment while preserving existing default judgments. *See* Motion for Relief from Judgment ¶ 8. In other words, these decisions lifted only the final judgment in the case—not underlying default judgments against specific defendants—to allow amendment of the pleadings.

This is an appropriate—if unusual—exercise of the Court's equitable and remedial discretion. Nothing in the Federal Rules insists that lifting the final judgment in a case necessarily upends default judgments entered against individual defendants in that case. To the contrary, the Rules treat the entry of default and default judgment as separate interlocutory steps before final judgment. Rule 54(b) distinguishes a non-final default judgment that "adjudicates fewer than all the claims

---

[†] To be sure, some support for post-judgment joinder of parties exists. *See Almeida-Leon v. WM Cap. Mgmt.,* 993 F.3d 1, 11 (1st Cir. 2021); *The Crude Co. v. U.S. Dep't of Energy*, 189 F.R.D. 1, 2 (D.D.C. 1999). The Sixth Circuit has held, however, that "[f]ollowing entry of final judgment, a party may not seek to amend [its] complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). Recent decisions from this district have (correctly) rejected post-judgment joinder in situations similar to the one presented here. *See, e.g., United States v. Estate of Brown*, No. 119-cv-86, 2022 WL 89848, at *5 (W.D. Ky. Jan. 7, 2022).

or the rights and liabilities of fewer than all the parties" from the entry of a final judgment. And Rule 55(c) distinguishes the standards for setting aside an entry of default, on the one hand, and a *final* default judgment, on the other. So Rules 54 and 55 afford courts a textual basis for distinguishing default and final judgments to accompany the equitable discretion inherent in Rule 60.

Exercising that discretion to parse the original and new defendants makes sense here. The Government's reason for seeking Rule 60 relief—new knowledge of different lienholders—doesn't call into question the determination of the rights of other lienholders. Those defendants already had—and surrendered—a chance to contest the claims against them. The adjudication of their rights involved the service of process, filing of briefs, appointment of warning order attorney, and entry of multiple court orders. The Government's (and property buyers') interests in finality and economy with respect to those lienholders is understandable. And lifting the final judgment without disturbing those default judgments should help secure the "just, speedy, and inexpensive determination" of this case. FED. R. CIV. P. 1. This approach, as the Government notes, is generally consistent with that taken by other district courts in the Sixth Circuit when faced with similar situations. *See, e.g.*, *United States v. Cox,* 2:17-cv-65 (E.D. Ky. Dec. 26, 2019).

Following the approach taken by these courts, the Court conditionally and partially relieves the United States from the final judgment in this case and authorizes it to amend its complaint to include the newly discovered lienholders. *See* FED R. CIV. P. 21 ("On motion ... the court may *at any time*, on just terms, add or drop a party.") (emphasis added); *cf. Murray v. Solidarity of Lab. Org. Int'l Union Benefit Fund*, 172 F. Supp. 2d 1134, 1153 (N.D. Iowa 2001) (setting aside only part of a default judgment). These newly named lienholders are entitled to the same due process protections as those previously granted to the originally named lienholders, whose default judgments will remain final.

## ORDER

The Court grants the United States' Rule 60(b) motion (DN 39) to set aside the final judgment so that the Government may amend its complaint to include additional lienholders as permitted by the rules of joinder. Given that ruling, the Court denies as moot the United States' alternative motion to set aside the sale (DN 40).

Benjamin Beaton, District Judge
United States District Court

September 5, 2023