UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                                                    No. 5:20-cv-29-BJB

MARY CROUCH, ET AL.

\* \* \* \* \*

MEMORANDUM OPINION & ORDER

The United States has moved for a "supplemental" judgment (DN 52) in this long-running foreclosure case. It seeks a judgment extinguishing three liens that the purchasers discovered after selling the foreclosed property. Motion for Supplemental Judgment at 1. Separately, the purchasers have moved to "return the purchase proceeds [they] deposited … for purchase of [the] property bought at the foreclosure sale in this action." Motion for Return of Sale Proceeds (DN 54) at 1.

**A. United States' Motion for Supplemental Judgment.** The Court granted judgment in favor of the United States and entered an order of sale more than two years ago. *See* Judgment (DN 36). But after the sale the purchasers uncovered additional liens on the property associated with the debtor's heirs. Opinion & Order (DN 43). The Court therefore granted the United States relief from the Judgment and Order of Sale under Rule 60(b) and authorized it to file an amended complaint naming the newly-discovered lienholders. *Id.* at 5. The United States did so, naming Midland Funding LLC, Asset Acceptance LLC, and the Commonwealth of Kentucky as new defendants. Amended Complaint (DN 44) ¶ 2.

Midland Funding and Asset Acceptance never answered the complaint. The United States sought, and received, defaults against them. Entry of Default (DN 51). The Commonwealth did answer the amended complaint, stating that "it does not care to present a claim against the subject real estate or otherwise enforce its lien in this action." Answer (DN 49) at 1. Given this lack of opposition, the United States asks the Court to hold that all three defendants "have no interest in the subject property" and enter a new judgment in its favor. Proposed Order (DN 52-1), ¶¶ 2, 4.

The Court agrees that the United States is entitled to a judgment that extinguishes the new defendants' interests in the property. As the motion recounts, "[n]o one has disputed that the United States is owed money through a promissory note signed by the borrower and secured by a first mortgage on the real estate at [issue]. No one has appeared to assert a claim to this real property." Motion at 4. The Commonwealth has disclaimed its interest, Answer at 1, and "has no objection" to the United States' motion for a supplemental judgment, Response (DN 53) at 1; *see also* Answer at 1 (Commonwealth has "no interest in this particular legal action").

1

As for Midland Funding and Asset Acceptance, the United States is entitled to a default judgment. *See generally* FED. R. CIV. P. 55(b)(2). Because these defendants are in default, "the facual allegations of the complaint will be taken as true." *Simplot AB Retail, Inc. v. Bill & Scott Farms, Inc.*, No. 5:22-cv-133, 2023 WL 5670717, at *1 (W.D. Ky. Sept. 1, 2023) (cleaned up). That means the Court may accept the United States' amended allegations that the new defendants' interests were junior to those of the United States. Any interest Midland Funding or Asset Acceptance have in the property is therefore "inferior in rank and subordinate in priority to the United States' first mortgage lien on the Property." Amended Complaint ¶¶ 21, 22. And a foreclosure sale—which already occurred, *see* Report of Sale (DN 38-1)—extinguishes junior liens. *See United States v. Wood*, 658 F. Supp. 1561, 1566 (W.D. Ky. 1987) ("[A] sale of real property pursuant to a judicial decree extinguishes a creditor's liens thereon.").

The Court therefore grants the United States' motion for supplemental judgment (DN 52). This in turn clears the way for the Court to enter the proposed amended judgment, which extinguishes the liens and delivers a clear title to the United States and in turn the property's buyers.

**B. Motion for return of sale proceeds.** The purchasers ask the Court to "return the purchase proceeds" because "[t]he proceeds on the sale have now been held over a year" and the purchasers have not "been conveyed a free and clean marketable title." Motion for Return of Sale Proceeds at 1. But the purchasers cite no law that would require the Court to return the sale proceeds and unwind the sale. The United States, for its part, opposes the request and encourages the Court to "allow the United States to promptly complete the sale of the property to the Purchasers, thereby resolving the Purchasers' Motion and eliminating the need for additional litigation." Response (DN 55) at 2. Because the Court is granting the United States' motion, the purchasers can now receive "a free and clear title." Motion for Return of Sale Proceeds at 1. So the Court denies this motion without prejudice.

## ORDER

The Court grants the United States' motion for supplemental judgment (DN 52) and holds that:

1. The Commonwealth of Kentucky has no interest in the subject real property at 916 Krebs Station Road, Paducah, McCracken County, Kentucky, and that the notice of recoupment lien recorded by the Commonwealth of Kentucky against Mary Crouch on April 4, 2022, in Encumbrance Book 146, Page 87, in the McCracken County Clerk's Office is released solely with regard to this real property.

2. The Court enters default judgment against the property interests of Midland Funding and Assept Acceptance LLC and holds that these defendants have no interest in the real property at issue. Any and all liens filed of record on the subject property in favor of Midland Funding LLC and Asset Acceptance LLC are released with regard to the real property at 916

Krebs Station Road, Paducah, McCracken County, Kentucky, including but not limited to:

    a. The Notice of Judgment Lien recorded by Midland Funding LLC against Gregory N. Crouch on June 5, 2009, in Encumbrance Book 88, Page 416, in the McCracken County Clerk's Office

    b. The Notice of Judgment Lien recorded by Asset Acceptance LLC against Barbara Crouch on November 15, 2010, in Encumbrance Book 98, Page 652, in the McCracken County Clerk's Office.

The Court denies without prejudice the purchasers' motion to return the sale proceeds (DN 54). It also grants the Commonwealth's motion to dismiss (DN 49) and denies as moot the United States' motion for a status conference (DN 56). The Court further orders the parties to confer and file a joint status report within the next thirty days regarding the appropriate next steps, if any, in this litigation, including the confirmation of sale and distribution of sale proceeds.

Benjamin Beaton, District Judge
United States District Court

August 22, 2024

3